IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD D. McCANE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-363-KAJ |
| | ) | |
| RICHARD KEARNEY, Warden, and M. JANE BRADY, Attorney General of the State of Delaware, | ) ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

———

Richard McCane. *Pro se* Petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondent.

———

November 30, 2005
Wilmington, Delaware


Jordan, District Judge

## I. INTRODUCTION

Petitioner Richard D. McCane ("McCane") is an inmate in custody at the Sussex Correctional Institution in Georgetown, Delaware. Currently before the Court is McCane's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2; D.I. 11) For the reasons that follow, I will dismiss McCane's § 2254 petition as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

In June 1998, a Delaware Superior Court jury found McCane guilty of two counts of unlawful sexual intercourse in the first degree in violation of 11 *Del. C.* § 775, and one count of continuous sexual abuse of a child in violation of 11 *Del. C.* § 778. The Superior Court sentenced McCane to a total of fifty (50) years, suspended after thirty-three (33) years for decreasing levels of supervision. McCane appealed, arguing that: (1) the Superior Court incorrectly denied his motion for a new trial based on juror misconduct, and (2) the Superior Court abused its discretion by refusing to grant a new trial based on the inadvertent playing of a tape after its redactment. The Delaware Supreme Court affirmed McCane's convictions and sentences. *See McCane v. State*, 734 A.2d 159 (Table), 1999 WL 486601 (Del. Apr. 19, 1999).

On April 18, 2000, McCane filed in the Delaware Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court

affirmed that decision. *State v. McCane*, 2000 WL 33268350 (Del. Super. Ct. Oct. 10, 2000); *McCane v. State*, 782 A.2d 265 (Table), 2001 WL 898622 (Del. Aug. 3, 2001).

On December 21, 2001, McCane filed in the Superior Court a "letter of intent" to file a Rule 61 motion. He later filed his second Rule 61 motion on August 5, 2002. *State v. McCane*, 2003 WL 22077222 (Del. Super. Ct. Jan. 13, 2003). The Superior Court denied that motion, and the Delaware Supreme Court again affirmed the action of the Superior Court. *Id.*; *McCane v. State*, 825 A.2d 239 (Table), 2003 WL 21254623 (Del. May 30, 2003).

In June 2004, McCane filed in this Court a form § 2254 petition, and a supporting memorandum, asserting five claims: (1) the victim committed perjury; (2) jurors held his decision not to testify against him; (3) the prosecution failed to present sufficient evidence to support a conviction for unlawful sexual intercourse in the first degree; (4) he was denied a fair trial due to prosecutorial vouching for the victim's credibility; and (5) trial counsel provided ineffective assistance for failing to call witnesses and investigate the charges. (D.I. 2; D.I. 11.)

The State has moved for dismissal of McCane's § 2254 petition as untimely. (D.I. 15.)

## III. DISCUSSION

### A. One Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with AEDPA's requirements. *See generally Lindh v.*

2

*Murphy*, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

McCane's § 2254 petition, dated May 25, 2004, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. He does not allege, nor can I discern, any facts triggering the application of §§ 2244(d)(1)(B),(C), or (D). Accordingly, the one-year period of limitations began to run, as stated in § 2244(d)(1)(A), when McCane's conviction became final.

Pursuant to that statute, if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the ninety-day time period allowed for seeking certiorari review. *See Kapral v. United States,* 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Supreme Court affirmed McCane's convictions and sentences on April 19, 1999, and

3

the ninety-day period expired on July 18, 1999. Thus, to be timely, McCane was required to file a § 2254 petition by July 19, 2000. *See Wilson v. Beard*, - F.3d -, 2005 WL 2559716, at *8 (3rd Cir. Oct. 13, 2005)(holding that Federal Rule of Civil Procedure Rule 6(a) applies to the calculation of the AEDPA's one-year limitations period); *see, e.g., Harris v. Snyder*, 2002 WL 47895 (D. Del. Jan. 11, 2002).

McCane did not file the instant habeas petition until May 25, 2004.[1] Therefore, his habeas petition is time-barred and should be dismissed, unless the time-period can be statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir. 1999).

**B. Statutory Tolling**

Section 2244(d)(2) of AEDPA specifically permits the statutory tolling of the one-year period of limitations:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). A properly filed state post-conviction motion tolls AEDPA's limitations period during the time the time the action is pending in the state courts, including any post-conviction appeals. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). "An application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531

---

[1] A *pro se* prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). McCane's petition is dated May 25, 2004, and, presumably, he could not have delivered it to prison officials for mailing any earlier than that date.

U.S. 4, 8 (2000). Procedural requirements include the "form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.*; *Merritt v. Blaine*, 326 F.3d 157, 162 (3d Cir. 2003).

Here, when McCane filed his first Rule 61 motion in the Superior Court on April 18, 2000, 274 days of AEDPA's limitations period had already expired. The Rule 61 motion tolled the limitations clock from April 18, 2000 through August 3, 2001, the date on which the Delaware Supreme Court affirmed the Superior Court's denial of the motion. *See, e.g.*, *Swartz v. Meyers*, 204 F.3d 417, 421 (3d Cir. 2000). The limitations period started again on August 4, 2001, and ran without interruption until it expired on November 2, 2001.[2]

Accordingly, even with statutory tolling, McCane's habeas petition is time-barred. I now turn to the issue of equitable tolling.

### C. Equitable Tolling

It is well-settled that AEDPA's limitations period may be subject to equitable tolling, but federal courts apply this doctrine sparingly. *Miller v. New Jersey State Dept. of Corrections,* 145 F.3d 616 (3d Cir. 1998); *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998); *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). The one-year limitations period will be tolled "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of

---

[2]McCane's second Rule 61 motion, filed August 5, 2002, has no tolling effect because it was filed after AEDPA's limitations period had expired. Similarly, even if McCane's letter of intent to file his Rule 61 motion could be construed as a Rule 61 motion, he filed the letter on December 21, 2001, which was after the November 2001 expiration of AEDPA's limitations period.

5

justice." *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir. 1999) (quoting *Midgley*, 142 F.3d at 179).

In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. *Miller*, 145 F.3d at 618-19 (citations omitted); *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).

McCane does not allege, and I cannot discern, that any extraordinary circumstance prevented him from timely filing his habeas petition. Even if McCane's failure to timely file the instant petition was due to a mistake in computing AEDPA's limitations period, this mistake would not justify equitable tolling. *See Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(regarding mistake in computation of AEDPA's limitations period); *Thomas v. Snyder*, 2001 WL 1555239, at *4 (D. Del. Nov. 28, 2001)("There is nothing unfair or inequitable in applying the AEDPA's one-year period of limitations to petitioners who wait more than a year before filing a habeas petition in federal court, even if the Delaware rule permits a longer period of time in which to file Rule 61 motions.").

6

Accordingly, I conclude that equitable tolling is not warranted in this case.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

I conclude that McCane's petition for habeas relief is time-barred. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, I decline to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, McCane's petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate Order will issue.