IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE



FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2006 JAN 31  PM 2: 37

| | | |
|---|---|---|
| RICHARD D. McCANE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-363-KAJ |
| | ) | |
| RICHARD KEARNEY, | ) | |
| Warden, and ATTORNEY | ) | |
| GENERAL OF THE STATE | ) | |
| OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

At Wilmington this 31st day of January, 2006;

IT IS ORDERED that:

1. Petitioner Richard D. McCane's Second Motion for Extension of Time to File a Certificate of Appealability," which I construe to be his Second Motion for Extension of Time to File a Notice of Appeal, is GRANTED. See Fed. R. App. P. 4(a)(5). McCane filed the instant motion within the time permitted by Fed. R. App. P. 4(a)(5)(A)(i), and he provided notice to the Respondents as required by Fed. R. App. 4(a)(5)(B). I denied McCane's first motion for an extension of time after determining that his brief explanations did not constitute good cause or excusable neglect. In the instant motion, McCane contends that he had surgery during the first week of the original 30 day appeal period, and that he did not have access to any of his legal materials due to his

confinement in the medical department. Although the issue is close, I conclude that McCane has demonstrated "excusable neglect or good cause" justifying an extension of time.[1] See Consolidated Freightways Corp. of Delaware v. Larson, 827 F.2d 916, 918 n. 3 (3d Cir. 1987); Fed. R. App. P. 4 (a)(5)(A)(ii).

    2. McCane shall file his notice of appeal by February __10__, 2006, which is ten (10) days after the entry of this order. See Fed. R. App. P. 4(a)(5)(c)("No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting motion is entered, whichever is later).

    3. The clerk is directed to mail this order to McCane immediately.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Pursuant to the Advisory Committee Notes to the 2002 Amendments to Fed. R. App. P. 4, "the good cause standard applies in situations in which there is no fault . . . the need for an extension is usually occasioned by something that is not within the control of the movant." In contrast, "the excusable neglect standard applies in situations in which there is fault." Id. The Third Circuit has identified some factors that a district court applying the "excusable neglect standard" should consider: "(1) whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure; (2) whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court; (3) whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence; (4) whether the inadvertence reflects a complete lack of diligence; or (5) whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance." Consolidated Freightways Corp. of Delaware v. Larson, 827 F.2d 916, 919 (3d Cir. 1987)(where movant is represented by counsel).