FOR THE DISTRICT OF DELAWARE

RICHARD D. McCANE,

      Petitioner,

v.

RICHARD KEARNEY,
Warden, and ATTORNEY
GENERAL OF THE STATE
OF DELAWARE,

      Respondents.

Civil Action No. 04-363-KAJ

## NOTICE OF APPEAL

Movant, Richard D. McCane, now comes before this Honorable
Court in Request of a Notice of Appeal. Movant will show "good
cause" if granted this Motion of Appeal.

This case was based solely on (hearsay) testimony, and as
prosecutor stated at trial, "without anything for you to hang
your hat on that's tangible, that you can say, okay this tells me
he did it."

There simply wasn't any other evidence other than the hearsay
evidence. This case was based on the credibility of the testimony,
which the Court deemed untrustworthy, although it was vouched for
by the state's prosecutor and a audio tape which had claimed to
have had the "vouching" statements redacted, yet it went before
the jury and was improper evidence.

Also, Movant can show that two(2) jurors violated the 5th
amendment right of the defendant by holding it against them for
not having testified.

Dated: Feb. 7th, 2006

Grounds Which Movant Can Prove Through

Transcripts and Research of Rules and
Procedures

1. State used evidence (testimony) known to be false to obtain conviction.
No other evidence presented; Evidence (testimony only) not trustworthy or
overwhelming. Constitutional Law 419 - Hearsay rule is grounded in the
notion that untrustworthy evidence should not be presented to the triers
of fact. Also, "Absent some special indicia of reliability and trustworth-
iness, hearsay is inadmissible." Rules of Evid., Rules 803 and 804,
Del.C.Ann. See Smith v. State, 647 A.2d 1083.

Also, in Transcript volume C, page 11, lines 3-5; prosecutor states:
"Everything happens for a reason, even lies. Lies are told for a reason."

I agree, lies are told for a reason, usually to hide or cover up truths
but they are forbidden in court, they go against the Bible's ten comandments.

This statement not only attempts to vouch for credibility, but it condones
and attempts to justify false evidence/ "lies" in our court systems.

2. Jury instruction unclear, no instruction of lesser charge, instruction dic
not include the distinghing elements of 1st or 2nd degree charges. This
violates Superior Court Criminal Rules 30(a) and 52(b) Del.C.Ann.; as well
as Title 11 § 301 (a&b). See Taylor v. State, 464 A.2d 897. Also In re
Winship, 397 U.S. 358, 364 it says: " The Winship requirement applies to
elements that distinguish a more serious crime from a less serious one, as
well as to those elements that distinguish criminals from noncriminals.

To futher support this violation, in transcripts from July 17, 1998,
page 8, lines 6-9 Prosecutor states: The state offered seven years prior to
the trial and I guess that's looking pretty attractive now that he's facing
a minimum mandatory of 32." - If state was satisfied with seven years as
punishment for alleged actions; actions could not have been of 1st degree
nature since 1st degree carries a 15 year minimum mandatory. I would not
sign any document stating that I committed any acts which I did not, and as
it showed at trial, there couldn't be any evidence other that lies because
these alleged acts never occurred. The defendant recieved 26 more years
that what the state said would satisfy them (7 years), without committing
any other actions, but rather for not committing the act of falsifying a
document. In short, defendant is being illegally punished for not being
coerced into falsely signing an admission document.

(1)

3. Ineffective assistance of Counsel: Counsel failed defendant in several ways, and prosecution stated it was "harmful before the jury, they found it unfavorable in the way he cross examined witnesses." Therefore, counsel was more harmful than helpful, and fell way below the reasonable standard.

Counsel for defense prejudiced the defendant in that except for lack of effort by counsel in defendant's behalf, the outcome of the trial may have been different. This complies to the standards set forth in Strickland v. Washington, 466 U.S. 668. Counsel for defense did not present any defense. I have in writing a statement which counsel says, "He didn't think that they (state), had a case against him (defendant)." This was told to a witness which counsel would not even interwiew, and counsel called no witnesses in defendant's behalf. Counsel did not go to the alleged crime scene which would have aided in the cross examination. Counsel also did not make objections on several situations at trial.

Movant now has evidence by way of photos that evidence is not trustwortl Because counsel for defense refused, would not go to the alleged crime scene, defendant had photos of alleged crime scene taken which pnoves State allowed false testimony from the witness, the only evidence used for conviction.

Theses photos can now be produced as newly discovered evidence, along with doctor reports which defense counsel refused to present at trial. These reports show that there is no physical evidence of the alleged actions, and this evidence is more trustworthy that the false testimony and is not hearsay but rather tangible evidence. Counsel for defense also stated to the above mentioned witness that he "wouldn't need me or anyone else to testify...or any character reference." These statements along with the refusal to even interview or call witnesses indefendant's behalf "relies on the perceived weakness of prosecution's case." This falls below the reasonable standard of effort by defense counsel; and but for this lack of effort by counsel, and if not relying on the perceived weakness of the State's case, outcome certainly may have been different. Defense counsel also refused to interview or call any witnesses, and failed to object to several situations including "vouching" and faulty instructions to the jury.

( 3 )

See also: Louis Price Thomas v. State of DE, No. 224, 1975.
If the case of *Thomas vs. State* was reversed, this case at
hand should be as well, even more so because defense counsel
advised defendant not to testify (without preparing any other defense)
which as record shows, was harmful in the defendant's conviction.

Jurors used defendant's silence against him, which was a
known factor by the judge, prosecutor, as well as the arresting
officer; This information was brought before the court, Judge
stated: "We have two witnesses (jurors) who said that in spite
of the specific instruction of the Court that they should not
hold the defendant's failure to testify against him, they did."
Transcript of July 17, 1998 - page 8 - Lines: 22 & 23 and page 9 -
Lines: 1-3. Also, Prosecutor stated in same transcripts, page 6
Lines: 17-23; "This was the opinion of two jurors, not all 12.
There was some indication that they did view the defendant
unfavorably not for having testified, not having taken the
stand. They are only given the jury instructions, they don't
always follow them. In same transcript - page 12 - Lines: 1-6
the Judge replies: "I'm sorry I'm not inclined to grant the
mistrial or a new trial based upon the fact that two jurors
said that it worked to your disadvantage and held it
against you because you did not testify. They were instructed
not to do that."

At lines 10 & 11 (page 12), "again that represents the
opinion of two people (jurors), who held it against you.
This is a CLEAR violation of the U.S. Constitution.

(4)

On page 10 of these same transcripts, lines 15 & 16 it is said: "As the judge, I was hoping it would resolve itself." Violations at trial, such as these violation in the case at hand, do not "resolve" themselves.

In the case of Flonnory v. State, Nos. 421 and 443, Prosecutor Mark Bunitsky says: (Quote) "A defendant in a criminal case is denied his right to a fair trial by an impartial jury if only one juror is improperly influenced. We certainly want to make sure the defendants are convicted by unbiased jurors" (end Quote).

In this case before the court, it is a fact, a matter of record that not just one, but two jurors were bias and influenced by impartiality - TO wit: defendant not testifying, false testimony (lies), the only means of State's evidence, and lack of effort by defense counsel: i.e. no defense presented on behalf of defendant. Record states that jurors "held and used the defendant's silence against him... they were instructed not to do that, they did." This in and by itself is a clear violation of the U.S. constitution, 5th amendment. Since the Flonnory v. State case was reversed, the case at hand should be as well, as not to be held prejudicial against Petitioner.

In Summary, In the notes of the original investigation the alleged victim states she was "touched in her crotch w/her pants on ... nothing else happened", also "said no intercourse". I'm certain a trained investigation detective knows what is considered as intercourse. These statements do not constitute 1st degree U.S.I.

In Word vs. State, Del. Super. 195-2001 it says: "To elevate offense to robbery 1st degree, the state must prove the elements of 2nd degree robbery plus one additional statutory elements" This was not done in the case at hand. State fail to prove (or instruct) that "during 2nd or 3rd degree offense, defendant displayed what appeared to be a deadly weapon or dangerous instrument."

I have established both the cause and prejudice prongs of ineffective assistance of counsel, and in the case of Murray vs. Carrier, 477 U.S. 478, 496 (1986), it states: "Even a single isolated error could render counsel's performance ineffective."

In transcript Vol. C - page 6, Lines: 3-7 it states: "We don't have an examination of the physical scene where it occurred. We don't have anything for you to hang your hat on that's tangible that you can say, okay, this tells me he did it."

I agree, but this is the fault of the State for not having "examination of the physical scene." Nor did counsel for defense, in fact I asked for it to prove statements were not true.

I now have newly discovered evidence which I can present. Photos of the alleged crime scene which proves testimony untrustworthy. I ~~have~~ doctor reports which were never presented at trial which favor the defendant, this was part of defense counsel not preparing any sort of meaningful defense on behalf of defendant. I can also prove, by way of witnesses that alleged victim was not living with, or even in the same town as defendant during entire alleged time frame. (the fact is that they left the defendant and lived with the "grandmother" for a while, and defendant had his brother live with him, as he worked with defendant as well.).

Defendant has witnesses to these facts and futhermore, the alleged victim spent week-ends with their father - Steve Knoll, a man who has previous allegations and court proceedings concerning child molestation charge with another victim, his daughter from another relationship. I tried to talk with the defense counsel, but he refused to listen, said it didn't matter. These are all "newly discovered evidence" which would bring to light the truth.

Petitioner (defendant) did not have the opportunity to present these factors in court. As stated, there wasn't and defense prepared or presented. The stories told at trial just don't make sense. There are two sides to every story, and the only side heard was the "fabricated" side. If petitioner was allowed to prove the real side, it would make sense and the vengeance factor would become obvious.

This is reasonable doubt. "We don't have anything...(except lies)...
that's tangible that you can say, okay, this tells me he did it." Simpley
reasonable doubt. No corroboration, again reasonable doubt.

The Superior Court Commissioner said in their finding, that "they (jurors
were angered by defense counsel's arguments" (@ page 5), and on page 14 they
say,"since the victim's lies were apparent, the jury was fully aware of the
lies." this attempts to determine the thought process of the jury, saying
that jury is fully aware of lies. If the lies were so apparent, they should
not have gone before the jury...because testimony known to be untrustworthy
should not be presented to the triers of fact.

Therfore, conviction was unjustly obtained. Due to the aforementioned
reasons stated, and in the interest of justice because of violations of
Amendments 5, 6, and 14 of the U.S. Constitutuion; petitioner has shown
just cause and prejudice that this appeal to his conviction must be
considered for reversal and repremanded for new trial.

Brief and memorrandum may be presented if needed.


                              Respectfully submitted,


                              Richard D. McCane, pro se

cc: file
    Gregory E. Smith


    * I regret that some of this motion was "hand-written", and
        some was typed.  The only access to typewriter is
        the legal law library, which I have very limited
        access to. Sorry, R.D.M.

I/M Richard D. McCaneBLDG: Med-A
SUSSEX CORRECTIONAL INSTITUTION
P.O. BOX 500 #228278
GEORGETOWN, DELAWARE 19947

U.S.M.S.
X-RAY

1466  U.S. POSTAGE  PB2230370
7960  $00.63⁰  FEB 15 06
9821  FROM ZIP CODE  19947

.63

Office of the Clerk

United States District Court

844 N. King St. - Lockbox 18

Wilmington, DE.

19801-3570